UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:15-CR-014 JD |
| | ) | |
| WILLIAM DANIEL McCLURE | ) | |

## OPINION AND ORDER

On May 13, 2015, upon a motion by the Defendant, the Court ordered that the Defendant undergo a competency examination at a Bureau of Prisons facility. After it became apparent that the Bureau of Prisons would be unable to conduct such an examination in a timely manner, the Court held a status conference at which it proposed having the examination conducted by a private evaluator who could conduct the examination more promptly. Both parties have now filed notices in which they agree to a further evaluation of the Defendant by Dr. Michael Fogel, whose prior examination of the Defendant formed the basis for the Defendant's motion for a competency evaluation and hearing.

Based on the parties' agreement, the Court hereby VACATES its May 13, 2015 order to the extent that it ordered an examination to be conducted by a psychiatrist or psychologist at a Bureau of Prisons facility. Instead, the Court ORDERS that the Defendant undergo an examination by Dr. Michael Fogel, whom the Court designates for that purpose consistent with 18 U.S.C. § 4247(b). Upon completing his report, Dr. Fogel should file it with the Court, which will provide copies to the Defendant and the government. The report shall include: (1) Mr. McClure's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether Mr. McClure is suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4247(c)(1)–(4)(A). Upon receipt of this report, the Court will contact the parties to set a competency hearing, if appropriate.

As to the Speedy Trial clock, the Court notes initially that the exclusion for competency proceedings under 18 U.S.C. § 3161(h)(1)(A) will commence again upon the entry of this order (if in fact it was ever suspended pursuant to § 3161(h)(1)(F)), as there is no longer a need to transport the Defendant to conduct the examination. In addition, both parties agreed in their notices that the ends of justice support excluding the present period of delay from the Speedy Trial clock. The Court agrees, as the failure to grant a continuance so as to allow for a competency evaluation and hearing would be likely to make a continuation of this proceeding impossible or result in a miscarriage of justice, as it could result in proceeding to trial even when the defendant may not have been competent and may have been unable to assist in his own defense. § 3161(h)(7)(B)(i). The Court therefore finds that the ends of justice served by having granted the continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to § 3161(h)(7)(A). The Court thus excludes the time from May 13, 2015, when it continued the then-existing trial date to allow for the competency evaluation and hearing, through today's date, pursuant to this ends-of-justice finding.

SO ORDERED.

ENTERED: July 8, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court