UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Case No. 3:15-CR-014 JD |
|  | ) |  |
| WILLIAM DANIEL MCCLURE | ) |  |

## OPINION AND ORDER

Defendant William Daniel McClure is charged with possessing a firearm as a felon. On April 29, 2015, defense counsel filed a motion for a competency examination and hearing to determine whether Mr. McClure was competent to proceed to trial. Counsel later supplemented his motion with a forensic psychological evaluation performed by Dr. Michael Fogel, dated May 12, 2015. [DE 20]. Dr. Fogel examined Mr. McClure and came to the conclusion that Mr. McClure "presently suffer[ed] from a mental disease rendering him mentally incompetent to the extent he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Specifically, Dr. Fogel noted that Mr. McClure had a marked history of substance abuse, depressive symptoms, and suicidal ideation and behavior, and that he had recently begun experiencing auditory hallucinations and delusional thought content. Dr. Fogel believed that Mr. McClure's auditory hallucinations and delusional thought content in particular "significantly compromise[d] his ability to have an accurate understanding of the roles of the trial participants, assist his attorney, and engage in a reality-based decision-making process," due in part to Mr. McClure's belief that Satan would harm his family if he was not found guilty and that the judge and prosecutor were working with Satan.

Accordingly, the Court ordered Mr. McClure to undergo a psychiatric or psychological examination at the Bureau of Prisons to assess his competency. Because the Bureau of Prisons was unable to complete the examination in a timely manner, the Court sought the parties' input

as to other mental health professionals who could perform the examination. The parties agreed to have Dr. Fogel perform a supplemental examination, so the Court designated Dr. Fogel for that purpose and ordered Mr. McClure to undergo an examination by Dr. Fogel pursuant to 18 U.S.C. § 4247(b). [DE 27]. On August 10, 2015, Dr. Fogel submitted his supplemental report. [DE 28]. In addition to the sources Dr. Fogel had consulted for his initial report, Dr. Fogel examined Mr. McClure again, interviewed his wife, spoke with the jail nurse, and reviewed jail records. Dr. Fogel noted that Mr. McClure's "condition has steadily improved over the course of his treatment [since the initial examination], but his gains have been tenuous and fraught with periods of regress." [DE 28 p. 6]. Mr. McClure no longer believed that Satan would harm his family if he was found not guilty, but he continued to believe that the judge and the prosecutor were working with Satan, and that Satan wanted him to kill himself.

Dr. Fogel concluded that these conditions would interfere with Mr. McClure's ability to assist in his defense:

> Mr. McClure would undoubtedly experience substantial difficulty working with his attorney, communicating to his attorney information related to his case, and making rational decisions based on his attorney's advice. Furthermore, it is unlikely that he would be able to engage in the cognitive process of weighing several options simultaneously (such as the consequences associated with various pleas and plea bargains), appraising the quality and quantity of evidence against him, attending to Court proceedings, interpreting testimony, and testifying on his own behalf if called upon to do so.

[DE 28 p. 10]. Therefore, Dr. Fogel concluded that "Mr. McClure presently suffers from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense." [*Id.* p. 11]. Both parties have now responded to Dr. Fogel's report. [DE 30, 31]. Neither party objects to Dr. Fogel's findings or opinions, and both parties agree that Mr.

McClure should be committed to the custody of the Attorney General to restore his competence. Mr. McClure also expressly waived a hearing on his competency and commitment. [DE 32].

"A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509 U.S. 389, 396 (1993). Pursuant to 18 U.S.C. § 4241(d), "If . . . the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." The standard for competence to stand trial is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *United States v. Garrett*, 903 F.2d 1105, 1116 (7th Cir. 1990). The competency inquiry is highly individualized: "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Relevant factors include any evidence of irrational behavior, the defendant's demeanor in court, and any medical opinions on the defendant's competency to stand trial. *Id*.

Here, the Court finds by a preponderance of the evidence that Mr. McClure is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Dr. Fogel has twice examined Mr. McClure, and on both occasions, found that Mr. McClure was incompetent to stand trial. In particular, the Court notes

that Mr. McClure continues to believe that the judge and the prosecutor are working with Satan, and that Mr. McClure is still experiencing auditory hallucinations and delusional thought content, which include a voice telling him that the outcome of his trial will be jail time and that Satan might interfere with a possible plea agreement. This demonstrates that Mr. McClure's understanding of the proceedings against him is not rational, and that he may be unable to consult with his lawyer with a reasonable degree of rational understanding. The Court acknowledges that an expert report is not necessarily conclusive as to a defendant's competency. *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005). However, there is no evidence contrary to Dr. Fogel's opinions in the record, and both parties have indicated that they agree with Dr. Fogel's conclusions. In addition, Mr. McClure's appearances in court, while uneventful, have been brief and have not involved substantive interaction, so the Court's own observations of Mr. McClure do not weigh in either direction.

The Court thus finds on the basis of Dr. Fogel's reports and the parties' agreement that Mr. McClure is incompetent to stand trial. By law, when the Court finds a defendant presently incompetent to stand trial:

> [T]he court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility–
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until–
>
>   (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
>   (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

18 U.S.C. § 4241(d). Accordingly, having found the defendant presently incompetent, the Court hereby **COMMITS** the defendant to the custody of the Attorney General for proceedings consistent with § 4241(d) and (e). The government is **ORDERED** to submit a status report detailing the defendant's progress **no later than four months from the date of this order**, or earlier if the circumstances require it, so that the Court can monitor compliance with the statute. Pursuant to § 4241(e), once the director of the facility in which Mr. McClure is hospitalized determines that Mr. McClure has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the clerk of the court. Finally, the Court notes that "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial" will be automatically excluded for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(4).

    SO ORDERED.

    ENTERED:  August 18, 2015

                                                 /s/ JON E. DEGUILIO
                                         Judge
                                         United States District Court